UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRIS PRICE,

                      Plaintiff,

v.                                                9:13-CV-0563
                                                       (GTS/TWD)

J. OROPALLO, Sergeant, Upstate Corr. Facility;
NORMAN H. BEZIO, Dir. of SHU, Inmate
Disciplinary Program, NYS DOCS; and PHILLIP
BATTISTE, Dir. of Security Staff, NYS DOCS,

                      Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

CHRIS PRICE, 10-A-0058
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN                      KEITH J. STARLIN, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
1220 Washington Avenue, Bldg. 2
Albany, New York 12226

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Chris Price

("Plaintiff") against the three above-captioned New York State correctional employees

("Defendants"), are Defendants' motion for summary judgment, and United States Magistrate

Judge Therese Wiley Dancks' Report-Recommendation recommending that Defendants' motion

be granted. (Dkt. Nos. 25, 28.) Plaintiff has not filed an Objection to the Report-

Recommendation, and the deadline by which to do so has expired. (*See generally* Docket

Sheet.)  After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 28.)  To that analysis, the Court would add only two points.

First, with regard to Plaintiff's claims against Defendants Battiste and Bezio, the Court notes that the verified Complaint does not allege facts plausibly suggesting, or adduce admissible evidence establishing, that Plaintiff sent letters to Battiste or Bezio at an appropriate address *and* by appropriate means.  (Dkt. No. 1, at ¶ 6.)  In any event, even if he had done so, the Complaint alleges facts plausibly suggesting, or adduces admissible evidence establishing, that a response by officials at his correctional facility followed the sending of the letters.  (*Id.*)

Second, as an alternative ground for the dismissal of the Complaint, the Court accepts Defendants' failure-to-exhaust argument because, even assuming Plaintiff was in fact told that his complaint was not grievable, he filed the grievance and knew he was "suppose[d] to . . . receive[]" a response to it.  (Dkt. No. 1, at 4.)  More important, he could have, and should have, filed an appeal from his non-response (which he did not do).  7 N.Y.C.R.R. § 701.6(g) ("[M]atters not decided within the time limits may be appealed to the next step."); *see also Smith v. Kelly*, 985 F. Supp.2d 275, 281-82 (N.D.N.Y. 2013) (collecting cases).  Such an appeal could have proved fruitful, given that the issue was indeed grievable. (Dkt. No. 25, Attach. 5. at ¶ 3 [Hale Decl.].)

For all of these reasons, Defendants' motion is granted, and Plaintiff's Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 28) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: August 19, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge